## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

SEAMLESS INTERACTIVE, LLC,                    )
                                              )
                    Plaintiff,                )
                                              )
vs.                                           )
                                              )          Case No. 09-CV-666-GKF-PJC
LG ELECTRONICS, INC. and                      )
LEG ELECTRONICS USA, INC.,                    )
                                              )
                    Defendants.               )

## OPINION AND ORDER

This matter comes before the court on the Motion to Transfer Venue of defendants LG

Electronics, Inc. and LG Electronics USA, Inc. [Doc. No. 12] and plaintiff Seamless Interactive,

LLC's Emergency Motion for Order Dismissing or Staying Defendants From Proceeding with

Later Filed Action [Doc. Nos. 15, 17].  For the reasons set forth below, defendants' motion is

granted in part.  The decision of whether to transfer the case to the United States District Court

for the District of New Jersey or the United States District Court for the Central District of

California will be held in abeyance pending resolution by the New Jersey court of an anticipated

personal jurisdiction challenge by plaintiff.  Plaintiff's motion is denied.

### I.  Background/Procedural Status

This lawsuit arises from a dispute over ownership of technology for the transmission and

broadcasting of mass viewing video presentations over the internet.  Plaintiff claims it developed,

marketed and sold the technology under the name "IP-Cast," for which it holds a registered

trademark issued March 17, 2009.  Defendants contend they have marketed high quality network

cards under the trademark "IP-Cast" throughout the United States since at least September 2007,

and plaintiff, in obtaining the registered trademark and marketing its technology, has violated

their right to the trade name.

On September 15, 2009, plaintiff filed a petition in Tulsa County District Court alleging claims against defendants for violation of 15 U.S.C. §1125(a) of the Lanham Act, §15 U.S.C. §1114 of the Lanham Act and 78 O.S. §53(A)(3) of the Oklahoma Deceptive Trade Practices Act. Plaintiff asserted therein that it is a California limited liability company with its principal place of business in Los Angeles, defendant LG Electronics, Inc. is a Korean corporation doing business in and advertising and selling products into Oklahoma, and defendant LG Electronics USA, Inc., is a corporation regularly doing business in and selling products into Oklahoma. [Doc. No. 6, Petition, ¶¶1-3]. On October 14, 2009, defendants removed the case to this court [Doc. Nos. 2-3]. In the meantime, on October 9, 2009, defendants filed suit in the United States District Court for the District of New Jersey, seeking injunctive relief and damages against Seamless for trademark infringement, unauthorized use and unfair competition under New Jersey law, and unfair competition under federal law. [Doc. No. 16-2]. Defendants also sought declaratory judgment of noninfringement and cancellation of Seamless's federal trademark registration. [*Id.*]

Defendants filed their Motion to Transfer Venue [Doc. No. 12] on October 20, 2009, and plaintiff filed its Emergency Motion for Order Dismissing or Staying Defendants from Proceeding with Later Filed Action [Doc. No. 15] on October 23, 2009. Defendants, pursuant to 28 U.S.C. §1404(a), seek transfer of this action to the New Jersey court, arguing that venue would be more convenient for the parties and witnesses. Alternatively, they seek transfer to the United States District Court for the Central District of California, where plaintiff is headquartered.[1]

---

[1]Plaintiff asserts it is in the process of moving its business from Los Angeles to Tulsa. [Doc. No. 16,; Doc. No. 20, ¶7]. However, it offers no evidence in support of this assertion.

Plaintiff, claiming the New Jersey court does not have personal jurisdiction over it,  seeks an emergency order compelling defendants to dismiss or stay the suit in New Jersey.  Plaintiff entered an appearance in the New Jersey case and sought an extension of time to respond to the complaint, indicating its intent to file a motion to dismiss for lack of personal jurisdiction.  On November 13, 2003, plaintiff filed a Supplemental Brief attaching an order by the District Court for the District of New Jersey granting its motion for additional time to respond to LG's complaint in that case, "until a date ten (10) days after the United States District Court for the Northern District of Oklahoma...rules on the Seamless Interactive, LLC's, Motion to Dismiss or Stay and LG Electronics, Inc.'s Motion to Transfer Venue." [Doc. No. 24-2].  Plaintiff asserts in its supplemental brief, "By virtue of the attached Order, the New Jersey Court has efectively abstained in favor of this Court determining the issue of venue." [Doc. No. 24, ¶2].

## II.  Analysis

As a general rule, the court which first obtains jurisdiction should decide issues of venue. *Hospah Coal Company v. Chaco Energy Company,* 673 F.2d 1161, 1164 (10th Cir. 1982), citing *Kerotest Mfg. Co. v. C-O-Two Co.,* 342 U.S. 18 (1952).  Thus, the court in which suit was first commenced has the authority to determine the venue dispute.

### A.  Section 1404(a) Factors

Under 28 U.S.C. §1404(a), a court may, "for the convenience of parties and witnesses, in the interest of justice...transfer any civil action to any other district or division where it might have been brought."[2]

---

[2]It appears clear that this action is one that "might have been brought" against the LG defendants  in the United States  District Court for the District of New Jersey, inasmuch as LG Electronics USA, Inc., is a Delaware corporation with its principal place of business in

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Chrysler Credit Corporation v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991) (citations omitted).  The party moving to transfer a case pursuant to §1404 bears the burden of establishing that the existing forum is inconvenient. *Id.* at 1516.  Unless the moving party carries its burden to prove inconvenience to the parties and witnesses and the balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed.  *Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir. 1992).

Among the factors the district court must consider are:

1.      the plaintiff's choice of forum;

2.      the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses;

3.       the cost of making the necessary proof;

4.      questions as to the enforceability of a judgment if one is obtained;

5.       relative advantages and obstacles to a fair trial;

6.       difficulties that may arise from congested dockets;

7.      the possibility of the existence of questions arising in the area of conflict of laws;

8.      the advantage of having a local court determine questions of local law; and

9.       all other considerations of a practical nature that make trial easy, expeditious and

---

Englewood Cliffs, New Jersey and LG Electronics is licensed to and transacts its principal business from that venue.  However, plaintiff's threatened challenge to personal jurisdiction in the New Jersey suit raises the question of whether a transfer to that court would be appropriate. This issue is more fully discussed in Section II.B. below.

economical.

*Id.*

## 1.  Plaintiff's Choice of Forum

Plaintiff asserts its choice of forum is dispositive of the venue issue.  However, "[w]hile a plaintiff's choice of forum is usually entitled to deference, courts refuse such deference 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *Pendarvis v. ConocoPhillips Pipe Line Company,* 2009 WL 1043973, *2 (E.D. Okla., April 17, 2009), citing *Cook v. Atchison, Topeka & Santa Fe Railroad Co.,* 816 F.Supp. 667, 669 (D. Kan. 1993).  Here, plaintiff is a California corporation headquartered in Los Angeles.  Although it asserts in its briefs that it plans to move to Tulsa, it has submitted no proof of such a move.  Other than the fact that its attorney is located in Tulsa, the court can find no material relation or significant connection between plaintiff's chosen forum and this dispute.

Therefore, the court affords plaintiff's choice of forum only minimal weight.

## 2.  Accessibility of Witnesses and Sources of Proof

Plaintiff has provided no evidence that any witnesses or sources of proof are located in Oklahoma.  To the contrary, it appears witnesses and sources of proof are primarily located in Los Angeles, where plaintiff is headquartered, and New Jersey, where defendants are headquartered. This factor weighs strongly in favor of transfer.

## 3.  Cost of Making Necessary Proof

Since none of the parties, witnesses or sources of proof are located in this jurisdiction, the overall cost of litigating the case here is quite likely to be higher than if the case were to be litigated in New Jersey or California.  Therefore, this factor favors transfer.

5

### 4.  Questions of Enforceability of Judgment, if One is Obtained

None of the parties are located in Oklahoma, and there is no evidence they have assets in the state.  Therefore any judgment obtained here will have to be domesticated under the full faith and credit clause in another judicial district in order to be satisfied.  A judgment obtained against the defendants in New Jersey, in contrast, would not require domestication in that state.  Similarly, a judgment obtained against plaintiff in California would be enforceable without domestication.  Therefore, this factor favors transfer.

### 5.  Relative Advantages and Obstacles to a Fair Trial

This factor appears to be neutral, as the parties are likely to obtain a fair trial in any of the three potential forums.

### 6.  Difficulties That May Arise From Congested Dockets

Based on available statistics from the United States District Court website, it is difficult to evaluate the comparative congestion of the United States District Court for the Northern District of Oklahoma, United States District Court for the District of New Jersey or the United States District Court for the Central District of California.[3]  However, this court is in the middle of a non-jury trial (*State of Oklahoma v. Tyson Foods, Inc.,* Case No. 05-CV-329-GKF-PJC) that commenced September 21, 2009, and is expected to continue until at least mid-January 2010.

_____

[3]Defendants cite federal court websites that show the number of cases pending in each state as well as  the number of district court judges in Oklahoma and New Jersey.  Plaintiff has not disputed defendants' assertion that "Oklahoma remains a busy jurisdiction, with significantly more cases assigned than its judicial resources were designed to support," while in contrast, "the sum of cases filed in New Jersey is larger, New Jersey also has six times the District Court Judges and four times as many Magistrate Judges." [Doc. No. 12, p. 9] The court is aware that the Central District of California is one of the most congested federal jurisdictions in the nation.

The length and complexity of the ongoing trial has placed unprecedented strain on judicial time and resources.  Therefore, this factor weighs in favor of transfer.

### 7.  Possibility of Existence of Questions Arising in the Area of Conflict of Laws

The court finds this factor to be neutral.  The courts of each potential venue are qualified to decide such issues.

### 8.  Advantage of Having a Local Court Determine Questions of Local Law

The court finds this factor to be neutral.  Two of plaintiff's three claims are based on the Lanham Act.  One arises from alleged violation of Oklahoma's Deceptive Trade Practices Act, 78 O.S. §53(A)(3).  Nothing about the factual merits of plaintiff's claims appears to be unique to Oklahoma, and the state common law claim can in all likelihood be plead under the common law of another jurisdiction.  Moreover, the federal courts of each potential venue are capable of applying the common law of a state other than the one in which they sit.

### 9.  Other Considerations of a Practical Nature that Make a Trial Easy, Expeditious and Economical

This factor weighs in favor of transfer.  Defendants' witnesses and proof are located principally in New Jersey and plaintiff's in Los Angeles.  In contrast, no parties, witnesses or proof are located in Tulsa.  Travel between California and New Jersey will likely be less expensive and easier for both parties than travel to Oklahoma.  Litigation in either California or New Jersey will almost certainly be more easy, expeditious and economical than in Oklahoma.

In sum, the only factor weighing in favor of this venue is that plaintiff chose this forum.  The court affords plaintiff's choice minimum weight, inasmuch as no material relationship exists between the parties' dispute and this forum.  In contrast, the location of the parties, their witnesses and proof, the cost of making proof, court caseload, and the ability to enforce a

7

judgment all weigh in favor of transfer.  The remaining factors are neutral.  Therefore the court

finds the case should be transferred, pursuant to 28 U.S.C. §1404(a), to either the United States

District Court for the District of New Jersey or the United States District Court for the Central

District of California.

## B.  Plaintiff's Personal Jurisdiction Challenge

Plaintiff's challenge to personal jurisdiction of the New Jersey court raises a question

about propriety of a  transfer to the District Court of New Jersey.  It would be improper, however,

for this court to address the issue of whether the New Jersey court has personal jurisdiction over

plaintiff.  *See Cessna Aircraft Company,* 348 F.2d 689, 691-92 (10th Cir. 1965).  Therefore, the

court will hold in abeyance the decision of whether to transfer this case to the New Jersey court or

the California court pending resolution by the New Jersey court of plaintiff's anticipated personal

jurisdiction challenge.

## III.  Conclusion

For the reasons set forth above, plaintiff's Emergency Motion for Order Dismissing or

Staying Defendants From Proceeding with Later Filed Action [Doc. Nos. 15, 17] is denied.

Defendants' Motion to Transfer Venue of defendants LG Electronics, Inc. and LG Electronics

USA, Inc. [Doc. No. 12] is granted in part.  The decision about whether to transfer the case to the

United States District Court for the District of New Jersey or to the United States District Court

for the Central District of California will be held in abeyance pending a determination by the New

Jersey court of whether it has personal jurisdiction over plaintiff, Seamless Interactive, LLC.

8

ENTERED this 18th  day of November, 2009.


Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma